UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-mj-8079-RMM

**UNITED STATES OF AMERICA,**

Plaintiff,

vs.

**JEFFREY DANIEL OLSON,**

Defendant.
_____/

FILED BY ____SP____ D.C.

Feb 14, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

    Yes       X No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

    Yes       X No

3. Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

    Yes       X No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:   (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| JEFFREY DANIEL OLSON, | ) Case No. 25-mj-8079-RMM |
| | ) |
| Defendant(s) | ) |

FILED BY ____SP____ D.C.

Feb 14, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **02/13/2025** in the county of **Palm Beach** in the
**Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1752(a)(1), 1752(b)(2) | Knowingly Entering or Remaining in a Restricted Building or Grounds |

This criminal complaint is based on these facts:

Please see attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

John Lear, Special Agent, U.S. Secret Service
Printed name and title

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: 02/14/2025

_____
Judge's signature

City and state: West Palm Beach, Florida    Hon. Ryon M. McCabe, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

Your affiant, John Lear, first being duly sworn, does hereby depose and state as follows:

1. l am a Special Agent (SA) of the United States Secret Service (USSS), and l have been so employed since July 2021. Prior to this I was an Officer in the USSS Uniformed Division (UD) for 10 years performing law enforcement and protective assignments at the White House and various protective sites around the country. I am currently assigned as a Criminal Investigator to the West Palm Beach Resident Office. As part of my assignment, I investigate both financial and protection-based crimes. I have received extensive training as a USSS UD officer and Special Agent in the investigation of counterfeit currency, identity theft, bank fraud, and access device fraud, as well as in USSS protection-based law enforcement and investigation of threating statements and/or actions toward USSS protected persons and USSS secured grounds and buildings at both the Federal Law Enforcement Training Center (FLETC) in Georgia and the James J. Rowley Training Center in Maryland. I am an investigative or law enforcement officer of the United States, in that I am empowered by law to conduct investigations and to make arrests for criminal offenses, under the authority of Title 18, United States Code, Section 3056.

2. The information in this affidavit is based on my personal knowledge and information obtained from other law enforcement personnel, and other individuals who have personal knowledge of the facts. The information set forth herein is provided solely for the purpose of establishing probable cause in support of the criminal complaint charging Jeffrey Daniel OLSON (OLSON), with unlawfully entering or remaining in a restricted building or grounds, in violation of Title 18, United States Code, Sections 1752(a)(1) and 1752(b)(2). Because this affidavit is submitted for the limited purpose of establishing probable cause, it does not purport to include all the details of the investigation of which I am aware.

3. Based on my training and experience, I am aware that Title 18, United States Code, Section 1752(a)(1) prohibits any person "knowingly enter[ing] or remain[ing] in any restricted building or grounds without lawful authority to do so." Section 1752(c)(1) defines "restricted building or grounds" as "any posted, cordoned off, or otherwise restricted area . . . (B) of a building or grounds where [a] person protected by the Secret Service is or will be temporarily visiting."

4. Beginning in January of 2025, a Protective Zone around the property known as the Mar-a-Lago Club, located at 1100 South Ocean Blvd., Palm Beach, which your affiant knows to be located in Palm Beach County and the Southern District of Florida, was established to secure the buildings and grounds for President of the United States (POTUS) Donald J. Trump, while the President is in residence at that location. Throughout this property and the external perimeter of Mar-a-Lago's designated protective area are prominently placed USSS restricted access signs. USSS personnel in clearly marked USSS police attire, and private club security personnel, are present at all designated entry points of the walled and gated property to conduct screening and control access onto the grounds of Mar-a-Lago. In order to gain access to the grounds or approach the personnel, any individual attempting to gain entry to Mar-a-Lago must pass at least one prominently displayed sign stating, "restricted access."

5. Your affiant is personally aware that at all times material hereto, that is, on February 13, 2025, two USSS protected persons were present at the Mar-a-Lago property located in Palm Beach County and the Southern District of Florida. Additionally, another USSS protected person was expected to arrive at the Mar-a-Lago restricted area the evening of February 13, 2025, and POTUS was expect to arrive within the secure Mar-a-Lago restricted area the afternoon of February 14, 2025.

6. On Thursday, February 13, 2025, at approximately 5:25 p.m., during daylight hours, an individual approached the Mar-a-Lago northern gate on South Ocean Blvd, with a restricted access warning sign displayed, and jumped over the wall, entering the USSS restricted area. The individual then proceeded to move to the East lawn of the property where he was detained by USSS personnel and thereafter identified as Jeffrey Daniel OLSON (OLSON). Additional USSS personnel responded, and OLSON was then searched and placed under arrest, and notifications were made to Palm Beach Police (PBPD).

7. USSS took custody of OLSON on federal charges for entering a restricted zone and transported him to the Town of Palm Beach jail without incident. In an interview at the jail, after having been advised of his *Miranda* warnings using a standard USSS form, which the OLSON signed, OLSON agreed to speak to agents and stated that he entered the restricted zone in an attempt to make contact with POTUS Donald Trump.

8. Based upon the foregoing, your affiant respectfully submits that there is probable cause to charge defendant Jeffrey OLSON with having knowingly entered a restricted building and grounds, that is, the posted and restricted perimeter grounds of Mar-a-Lago, as defined under

Title 18, United States Code, Section 1752(c)(1)(B), in violation of Title 18, United States Code, Sections 1752(a)(1) and 1752(b)(2).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
John Lear
Special Agent
United States Secret Service

SWORN AND ATTESTED TO ME BY
APPLICANT VIA TELEPHONE (FACETIME)
PURSUANT TO FED. R. CRIM. P. 4(d) AND 4.1
THIS 14TH DAY OF FEBRUARY, 2025.

_____
**HON. RYON M. McCABE**
**UNITED STATES MAGISTRATE JUDGE**

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Jeffrey Daniel OLSON

**Case No**: 25-mj-8079-RMM

Count #: 1
Knowingly Entering or Remaining in a Restricted Building or Grounds
Title 18, United States Code, Sections 1752(a)(1) and 1752(b)(2)

* Max. Term of Imprisonment: 1 year, or up to 5 years' probation[1]
* Mandatory Min. Term of Imprisonment (if applicable): not applicable
* Max. Supervised Release: 1 year[2]
* Max. Fine: $100,000[3]
* Special Assessment: $25.00[4]

---

1 *See* 18 USC § 3561(c)(2)
2 *See* 18 USC § 3583(b)(3)
3 *See* 18 USC § 3571(b)(5)
4 *See* 18 USC § 3013(a)(1)(A)(iii)

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 25-mj-8079-RMM

## BOND RECOMMENDATION

DEFENDANT: Jeffrey Daniel OLSON

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: John C. McMillan

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):  USSS Special Agent John Lear
(FBI)   (SECRET SERVICE)   (DEA)   (IRS) (ICE) (**OTHER**)