## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO. 9:25-cr-80031-EA-1

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**JEFFREY DANIEL OLSON,**

Defendant.

_____/

### <u>ORDER DENYING MOTION TO DISMISS</u>

This cause comes before the Court upon the Defendant's Motion to Dismiss [ECF No. 40]. After having considered the Motion, the United States of America's Response in Opposition [ECF No. 41], the Defendant's Reply [ECF No. 42], and the full record, and having conducted a hearing on November 18, 2025, this Court hereby denies the Defendant's Motion to Dismiss [ECF No. 40].

### Relevant Background

In February 2025, the Defendant, Jeffrey Daniel Olson ("Defendant"), was charged by the United States of America ("Government") with violating 18 U.S.C. § 1752(a)(1) by knowingly entering a United States Secret Service ("USSS") restricted area established for the protection of President Donald Trump at Mar-a-Lago Club in Palm Beach, Florida without lawful authority to do so. [ECF No. 1 at

2, 4-5; ECF No. 21]. Specifically, the Defendant allegedly approached the Mar-a-Lago Club's northern gate, jumped over the wall, and entered the restricted property. [ECF No. 1 at 3]. The Defendant then allegedly moved across the restricted property to the eastern lawn before being detained by USSS personnel. [ECF No. 1 at 3].

The Defendant thereafter moved for a competency and sanity evaluation, which Magistrate Judge William Matthewman granted. [ECF No. 19]. The Government and Defendant's counsel stipulated to the contents of the evaluation, and Magistrate Judge Ryon McCabe found that the Defendant was "suffering from a mental disease or defect rendering him mentally incompetent." [ECF No. 28 at 1-2].

Thus, pursuant to § 4241(d) of the United States Code, Magistrate Judge McCabe committed the Defendant to the custody of the Attorney General in June 2025 for the Defendant to be hospitalized in a suitable treatment facility "for a reasonable time, not to exceed four months, for the purpose of restoring the Defendant's competency and as such hospitalization is necessary to determine whether there is a substantial probability that Defendant will attain the capacity to permit the proceedings to go forward in the foreseeable future." [ECF No. 28 at 1-2]. The Defendant has remained in the Attorney General's custody since June 2025 awaiting a suitable treatment facility. At a status conference on October 15, 2025, the Government asserted that it believed the Defendant would be hospitalized in a

suitable treatment facility in November 2025. [ECF No. 39]. Indeed, the Defendant has since been hospitalized in a suitable treatment center in Springfield, Missouri.

The question before this Court, as argued in the Defendant's Motion to Dismiss [ECF No. 40], is whether the Court should dismiss the information because the Bureau of Prisons ("BOP") had delayed the Defendant's hospitalization due to the lack of available bed at a suitable treatment center until shortly after the November 18, 2025, hearing on the Defendant's motion. The Defendant claims the pre-hospitalization delay violated § 4241(d)(1) of the United States Code and his due process rights. [ECF No. 40 at 6-7]. The Defendant argues that his pre-hospitalization waiting period was unreasonable because it exceeded the four-month statutory time limit, and he is only charged with a misdemeanor. [ECF No. 40 at 1-2].

The Government opposes the motion. [ECF No. 41]. The Government asserts that *United States v. Alhindi*, 97 F.4th 814 (11th Cir. 2024) controls, and the four-month statutory limitation the Defendant cites relates only to the period of hospitalization, not the pre-hospitalization period. [ECF No. 41 at 6-7]. The Government contends that the pre-hospitalization period of five months and two weeks was reasonable and did not violate the Defendant's due process rights. [ECF No. 41 at 7]. The Government attributes the delay to the limitations of available bed spaces in the BOP facilities. [ECF No. 41 at 9].

While the Defendant claims that he is charged only with a misdemeanor, the Government contends that such distinction is irrelevant because a defendant cannot be charged unless he is competent. [ECF No. 41 at 10-11]. Citing *Jackson v. Indiana*, 406 U.S. 715, 738 (1972), the Government argues that pretrial detention is not a violation of due process where a defendant is being held for a "reasonable period of time [deemed] necessary to determine whether there is a substantial probability that a defendant will attain competency in the foreseeable future." [ECF No. 41 at 11]. According to the Government, the delay is due to the BOP's interest in getting the Defendant to the best suited facility, which is reasonably related to the Defendant's competency under *Jackson*. [ECF No. 41 at 11].

## Analysis

The plain text of § 4241(d)(1) provides that, after the defendant is committed to the Attorney General's custody:

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility –
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward[.]

18 U.S.C. § 4241(d)(1).

As Judge Aileen Cannon explained in a well-reasoned opinion: "Based on the plain text of § 4241(d)(1)—which clearly refers to hospitalization not exceeding four

months—pre-hospitalization delay following a Court's commitment order does not cut into the four-month evaluative hospitalization period provided by § 4241(d)(1)." *United States v. Alhindi*, No. 22-80085-CR-CANNON, 2023 U.S. Dis. LEXIS 236769, 2023 WL 10645450, at *7 (S.D. Fla. April 21, 2023), *aff'd*, 97 F.4th 814; *see also Alhindi*, 97 F.4th at 824 (explaining that Judge Cannon's reading of § 4241(d)(1) "is the grammatically correct reading of the provision").

On appeal, the Eleventh Circuit held that the four-month period in § 4241(d)(1) refers to "the period during which the defendant receives 'treatment' while he is 'hospitalize[d].' And by the statutory terms, that period can begin only once the Attorney General 'hospitalize[s] the defendant for treatment.'" *Alhindi*, 97 F.4th at 824 (alterations in original). When the text of the statute is clear and the "statutory scheme is coherent and consistent," the analysis must end there. *Id.* (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)).

While the Defendant urges this Court to not follow *Alhindi* on the basis that he is charged with a misdemeanor rather than a felony, neither *Alhindi*, nor § 4241, makes any such distinction. Courts are not permitted to rewrite statutes. *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1224 (11th Cir. 2009). Section 4241 applies equally to competency determinations involving either misdemeanors or felonies.

Pursuant to *Jackson*, "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson*, 406 U.S. at 738. Here, it is clear the Defendant has been held for five months in pre-hospitalization detention because there was no space for him at FMC-Springfield. This bears reasonable relation to the purpose of his commitment, namely, to get treatment at the appropriate facility to determine if there "is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

Therefore, this Court finds that the Defendant's due process rights have not been violated, there has been no violation of § 4241, and dismissal of the information would be inappropriate. *Cf. United States v. Curtin*, 78 F.4th 1299, 1308 (11th Cir. 2023) (finding that even where the government violated § 4241, by *hospitalizing* the defendant for more than four months, "there's no particular reason to think . . . that dismissal would be the (or even *an*) appropriate response to a § 4241(d) violation, there being no clear logical relationship between the wrong (over-detention) and the remedy (expungement of the entire case)."). Moreover, it would be inappropriate to dismiss the information before the Government has an opportunity to attempt to restore the Defendant to competency given the Government's compelling interest in enforcing laws that exist for the safety and protection of the President of the United States of America.

## Conclusion

Therefore, it is **ORDERED AND ADJUDGED** the Defendant's Motion to Dismiss [40] is hereby **DENIED**.

**ORDERED** in Chambers in West Palm Beach, Florida, this 12th day of December 2025.



**ED ARTAU**
**UNITED STATES DISTRICT JUDGE**

CC:

Kristy Militello
Federal Public Defender's Office
250 S. Australian Avenue Suite 400
West Palm Beach, FL 33401
561-833-6288
Fax: 561-833-0368
Email: Kristy_Militello@fd.org

John C. McMillan
United States Attorney's Office
500 South Australian Avenue Suite 400
West Palm Beach, FL 33401
561-820-8711
Fax: 820-8777
Email: john.mcmillan@usdoj.gov